IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

___ FILED     ___ ENTERED
___ LOGGED    ___ RECEIVED

NOV 2 2 2016

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

| | |
|---|---|
| Erien L. Frazier, ) | Civil Action No. ELH 16 CV3777 |
| Plaintiff ) | |
| Vs. ) | **DEMAND FOR TRIAL BY JURY** |
| Nationwide Credit Corporation & Meritus ) | |
| Enterprises, Inc.,) | |
| Defendants) | |

## COMPLAINT

Plaintiff, Erien Frazier, individually, hereby sues Defendants, Nationwide Credit Corporation (hereafter "NCC") and Meritus Enterprises, Inc. (hereafter "Meritus") for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et seq*, the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq*, and the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 *et seql*.

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against the Defendants for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(A)(iii), the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692d, and the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b.

1

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendants, NCC and Meritus, have violated such laws by improper handling of Plaintiff's personal information and repeatedly harassing Plaintiff in attempts to collect an alleged but non-existent debt.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. All conditions precedent to the bringing of this action have been performed.

## PARTIES

7. Plaintiff, Erien Frazier, is a natural person and is a resident of the State of Maryland.

8. Upon information and belief Defendant, Nationwide Credit Corporation, is both a "person" and a "user" of consumer credit and other financial information as defined by the Fair Credit Reporting Act. Nationwide is also a foreign corporation debt collector registered to do business in the State of Maryland.

9. Upon information and belief Defendant, Meritus Enterprises, Inc. is both a "person" and a "user" of consumer credit and other financial information as defined by the Fair Credit Reporting Act and are a Maryland corporation.

## FACTUAL ALLEGATIONS

10. On or about June 2014, Plaintiff applied for the position of Washington County Maryland Sheriff.

11. On or about September 30, 2014, Plaintiff went to her doctor, a Meritus physician, for a complete physical required by Washington County Maryland Sheriff's Department.

12. Plaintiff was unemployed and seeking work at the time of her doctor's visit.

13. At the time of this doctor's visit, Plaintiff confirmed that her contact information was unchanged.

14. Plaintiff did not receive a clear and conspicuous disclosure that she was agreeing to have her cell phone number and personal information given to non-medical third parties.

15. Plaintiff believed that providing her cell phone number was for the purpose of being contacted by the doctor's office regarding exam results and follow up appointments.

16. Sometime in early spring of 2015, Plaintiff was contacted by NCC by phone and letter.

17. On or about June 22, 2015, Plaintiff sent NCC a debt validation letter (See Exhibit A).

18. On or about September 29, 2015, NCC sent a response to Plaintiff's debt validation request (See Exhibit B).

19. On or about October 13, 2015, NCC resumed violating the Telephone Consumer Protection Act (TCPA) by calling the Plaintiff's cell phone (410) 262-8690 six more times using an automatic telephone dialing system with no prior express written consent given by Plaintiff (See Exhibit C & D).

20. When Plaintiff answered the calls there was no one on the line for a few seconds.

21. Plaintiff received one pre-recorded voicemail message from Defendant NCC's number (703) 454-0668.

22. Plaintiff did speak to one of NCC's customer representatives and asked that all communication be done in writing.

23. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent given at any time, express or otherwise, by the Plaintiff.

24. Defendant, NCC, is a debt collector attempting to collect an alleged but non-existent debt.

25. Plaintiff and Defendant do not have an established business relationship as defined by 47 U.S.C. § 227(a)(2)(A).

26. On or about November 2015, Plaintiff sent NCC a notice of intent to sue for violations of the Telephone Consumer Protection Act.

27. Defendant, NCC, responded December 2, 2015 saying they would investigate the matter and respond at the conclusion of their investigation.

28. On or about December 21, 2015, Defendant NCC, sent an unsecured email and a letter stating that Plaintiff's claims were "meritless" and that they were collecting on behalf of Meritus (See Exhibit E).

29. Defendant, NCC, provided as proof of their claim an unredacted document that they called "Exhibit A". NCC received the document from Meritus plainly showing the Plaintiff's personal identifiers such as name, address, phone number, date of birth, and social security number (See Exhibit F).

30. The "Exhibit A" document also showed the Plaintiff's signature saying she had received the HIPAA notice of privacy practices.

31. Plaintiff never gave Meritus express consent for her phone number and personal identifiers to be transferred to any non-medical third parties.

32. Plaintiff discovered April 11, 2016 that NCC had obtained Plaintiff's consumer report without Plaintiff's knowledge or consent (See Exhibit G).

## COUNT 1

## VIOLATIONS OF THE TELEPHONE

## CONSUMER PROTECTIONS ACT 47 U.S.C. § 227

33. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 32.

34. Defendant, NCC, has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which it received from Meritus, which number is assigned to a cellular service.

35. Defendant, NCC, has committed 7 separate violations of 47 U.S.C. § 227 (b)(1)(A) and Plaintiff is entitled to damages of up to $1500 per violation pursuant to 47 U.S.C. § 227 (b)(3)(B).

36. Defendant's repeated calls to Plaintiff's cell phone were inconvenient and annoying.

37. Plaintiff, many times, had to stop what she was doing and silence her phone.

38. Plaintiff has never given NCC permission to call her cell phone nor Meritus permission to provide her number to NCC.

**WHEREFORE,** Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and punitive damages pursuant to 47 U.S.C. § 227 (G)(3)(B).

## COUNT II

## VIOLATIONS OF THE MARYLAND TELEPHONE

## CONSUMER PROTECTION ACT (MTCPA)

## §14-3201(2), §14-3202

39. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 38.

40. Defendants, NCC and Meritus, have demonstrated willful or knowing non-compliance with Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

41. Defendants, NCC and Meritus, have committed 7 separate violations of Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by calling the Plaintiff's cell phone without prior permission.

42. Plaintiff was highly annoyed and inconvenienced by the repeated calls.

43. Plaintiff is entitled to damages of $500 per violation and treble damages pursuant to Maryland Code § 14-3202(b).

**WHEREFORE,** Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc.for actual or statutory damages, and punitive damages pursuant to Maryland Code § 14-3202b.

## COUNT III

## VIOLATIONS OF MARYLAND CONSUMER PROTECTION ACT

## UNFAIR OR DECEPTIVE TRADE PRACTICES

### §13-301

44. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 43.

45. Plaintiff is a consumer as defined in Maryland Commercial Code §13-101(c).

46. Defendant, NCC, is a person as defined in Maryland Commercial Code §13-101(h).

47. Defendant, Meritus, is a merchant as defined in Maryland Commercial Code §13-101(g).

48. Defendants violated §13-301(1) by providing false, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers.

49. Defendant, NCC, provided false and misleading statements in its phone calls and letters giving Plaintiff the impression that she owed NCC a debt when no such obligation existed.

50. Defendant, Meritus, provided false and misleading statements by claiming and/or implying that Plaintiff's personal identifiers were properly protected according to the standard put forth in HIPAA when it knowingly transferred documents of Plaintiff's personal information to NCC, a non-medical third party.

**WHEREFORE**, Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and punitive damages, attorney's fees and cost, and any other additional costs deemed appropriate by the Court.

### COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (FDCPA) 15 U.S.C. § 1692

51. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 50.

52. Plaintiff is a consumer within the meaning of FDCPA 15 U.S.C. § 1692a(3).

53. Defendants, NCC and Meritus, are debt collectors within the meaning of FDCPA 15 U.S.C. § 1692a(6).

54. Defendants, NCC and Meritus, violated 15 U.S.C. § 1692e(11) by using false means to collect a debt when it had no legal right to do so.

55. Defendant, NCC, sent a debt collection letter to Plaintiff in an attempt to collect an alleged but non-existent debt.

56. Defendant, Meritus, gave NCC the Plaintiff's personal information in order to collect the alleged debt.

57. Plaintiff has no contract or business connection with NCC.

58. Plaintiff never gave Meritus permission to transfer her personal information to NCC.

59. Defendants, NCC and Meritus, are debt collectors attempting to collect on an alleged but non-existent debt.

**WHEREFORE,** Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and attorney's fees costs, pursuant to 15 U.S.C. 1692k.

### COUNT IV

### VIOLATIONS OF MARYLAND COMMERCIAL LAW CODE

### 14-202 CONSUMER DEBT COLLECTION

60. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 59.

61. Plaintiff is a person within the meaning of Maryland Commercial Code § 14-201(d).

62. Defendants are collectors within the meaning of Maryland Commercial Code § 14-201(b).

63. Defendants, NCC and Meritus, claim the right to enforce the collection of an alleged debt when that right does not exist in violation of Maryland Commercial Code § 14-202(8).

64. Defendants, NCC and Meritus, repeatedly called and sent mailed notices claiming Plaintiff owed Defendants a debt.

65. Plaintiff has suffered emotional distress and mental anguish caused by these repeated violations.

**WHEREFORE,** Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and punitive damages, attorney's fees and cost, pursuant to Maryland Commercial Code § 14-203.

### COUNT V

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C § 1681B

66. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 65.

67. Plaintiff is a consumer within the meaning of FCRA, 15 U.S.C. § 1681 a(c).

68. Defendants, NCC and Meritus, are users of information within the meaning of 15 U.S.C. 1681b.

69. Defendants, NCC and Meritus, willfully violated the FCRA 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report under false pretenses without a permissible purpose as stated in 15 U.S.C. § 1681b(f).

**WHEREFORE,** Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1681n.

## COUNT VI

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C § 1681B

70. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 69.

71. Plaintiff is a consumer within the meaning of FCRA, 15 U.S.C. § 1681 a(c).

72. Defendants, NCC and Meritus, are users of information within the meaning of 15 U.S.C. 1681b.

73. Defendants, NCC and Meritus, negligently violated the FCRA 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

**WHEREFORE**, Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and attorney's fees costs, pursuant to 15 U.S.C. § 1681o.

## COUNT VII

### VIOLATION OF MARYLAND COMMERCIAL CODE § 14-1202

### WILFUL NON-COMPLIANCE BY DEFENDANTS

### NCC AND MERITUS

74. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 73.

75. Plaintiff is a consumer within the meaning of Maryland Commercial Code § 14-1201(c).

76. Defendants, NCC and Meritus, are persons within the meaning of Maryland Commercial Code § 14-1201j.

77. Defendants, NCC and Meritus, willfully violated the Maryland Commercial Code § 14-1202 by obtaining Plaintiff's consumer report without a permissible purpose.

**WHEREFORE**, Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and attorney's fees costs, pursuant to Maryland Commercial Code § 14-1213.

## COUNT VIII

## VIOLATION OF MARYLAND COMMERCIAL CODE § 14-1202

## NEGLIGENT NON-COMPLIANCE BY DEFENDANT

## NCC AND MERITUS

78. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 77.

79. Plaintiff is a consumer within the meaning of Maryland Commercial Code § 14-1201(c).

80. Defendants, NCC and Meritus, are persons within the meaning of Maryland Commercial Code § 14-1201j.

81. Defendants, NCC and Meritus, negligently violated the Maryland Commercial Code § 14-1202 by obtaining Plaintiff's consumer report without a permissible purpose.

**WHEREFORE**, Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and attorney's fees costs, pursuant to Maryland Commercial Code § 14-1213.

## COUNT IX

## NEGLIGENCE

82. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 81.

83. Defendants negligence consists of the following:

   a. Violating the FCRA as set forth above;

   b. Failing to obtain permission from Plaintiff to access her consumer report;

   c. Making false claims to CRA for having a permissible purpose.

   d. Failing to maintain a professional standard set forth by the Health Insurance and Accountability Act and violating that Act.

   e. Failing to provide Plaintiff with reasonable protection against the disclosure of her private personal information.

84. The conduct of the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

**WHEREFORE,** Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and punitive damages, attorney's fees and cost as deemed just and fair by the Court.

## COUNT X

## INVASION OF PRIVACY

85. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 84.

86. Defendant Meritus's above actions violated Plaintiff's right of privacy by sharing her private identifiers with any non-medical third party.

87. Defendant NCC's above actions violated Plaintiff's right of privacy by accessing her consumer report without Plaintiff's consent.

88. Plaintiff suffered distress by Defendants invasion of her privacy and unauthorized distribution of her personal information.

89. Defendants destroyed Plaintiff's peace of mind and caused Plaintiff mental and emotional distress.

**WHEREFORE**, Plaintiff demands judgment for damages against Nationwide Credit Corporation and Meritus Enterprises, Inc. for actual or statutory damages, and punitive damages, attorney's fees and cost, and any other additional costs deemed appropriate by the Court.

Respectfully submitted this November 17, 2016

*/s/ Erien Frazier*

Erien Frazier

P.O. Box 25

Hagerstown, MD 21740

(410) 262-8690

erienfrazier@gmail.com

## VERIFICATION

I, Erien Frazier, have read the foregoing complaint and examined any attachments referenced therein. The facts stated in the complaint are true. The attachment is a true and fair copy.

_Erien Frazier_  _Erien Frazier_ (signatures)

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this 17th day of November, 2016.

_____
Notary

```
STEVE SWAYNE
NOTARY PUBLIC
WASHINGTON COUNTY
MARYLAND
MY COMMISSION EXPIRES APRIL 11. 2020
```